IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
In re:                                                           :
                                                                 :
OVERSEAS SHIPHOLDING GROUP, INC., *et al.*                       :   Chapter 11
                                                                 :
                            Debtors.[1]                          :   Case No. 12-20000 (PJW)
                                                                 :
                                                                 :   Jointly Administered
                                                                 :
                                                                 :   **RE: D.I. 935**
                                                                 :
                                                                 :
                                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## ORDER ALLOWING FOR THE ADVANCEMENT/PAYMENT
## OF DEFENSE COSTS UNDER INSURANCE POLICIES

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Overseas Shipholding Group, Inc. (7623); OSG International, Inc. (7117); OSG Bulk Ships, Inc. (2600); 1372 Tanker Corporation (4526); Africa Tanker Corporation (9119); Alcesmar Limited (5306); Alcmar Limited (5307); Alpha Suezmax Corporation (1684); Alpha Tanker Corporation (6063); Amalia Product Corporation (3808); Ambermar Product Carrier Corporation (8898); Ambermar Tanker Corporation (7100); Andromar Limited (5312); Antigmar Limited (5303); Aqua Tanker Corporation (7408); Aquarius Tanker Corporation (9161); Ariadmar Limited (5301); Aspro Tanker Corporation (4152); Atalmar Limited (5314); Athens Product Tanker Corporation (9565); Atlas Chartering Corporation (8720); Aurora Shipping Corporation (5649); Avila Tanker Corporation (4155); Batangas Tanker Corporation (8208); Beta Aframax Corporation (9893); Brooklyn Product Tanker Corporation (2097); Cabo Hellas Limited (5299); Cabo Sounion Limited (5296); Caribbean Tanker Corporation (6614); Carina Tanker Corporation (9568); Carl Product Corporation (3807); Concept Tanker Corporation (9150); Crown Tanker Corporation (6059); Delphina Tanker Corporation (3859); Delta Aframax Corporation (9892); DHT Ania Aframax Corp. (9134); DHT Ann VLCC Corp. (9120); DHT Cathy Aframax Corp. (9142); DHT Chris VLCC Corp. (9122); DHT Rebecca Aframax Corp. (9143); DHT Regal Unity VLCC Corp. (9127); DHT Sophie Aframax Corp. (9138); Dignity Chartering Corporation (6961); Edindun Shipping Corporation (6412); Eighth Aframax Tanker Corporation (8100); Epsilon Aframax Corporation (9895); First Chemical Carrier Corporation (2955); First LPG Tanker Corporation (9757); First Union Tanker Corporation (4555); Fourth Aframax Tanker Corporation (3887); Front President Inc. (1687); Goldmar Limited (0772); GPC Aframax Corporation (6064); Grace Chartering Corporation (2876); International Seaways, Inc. (5624); Jademar Limited (7939); Joyce Car Carrier Corporation (1737); Juneau Tanker Corporation (2863); Kimolos Tanker Corporation (3005); Kythnos Chartering Corporation (3263); Leo Tanker Corporation (9159); Leyte Product Tanker Corporation (9564); Limar Charter Corporation (9567); Luxmar Product Tanker Corporation (3136); Luxmar Tanker LLC (4675); Majestic Tankers Corporation (6635); Maple Tanker Corporation (5229); Maremar Product Tanker Corporation (3097); Maremar Tanker LLC (4702); Marilyn Vessel Corporation (9927); Maritrans General Partner Inc. (8169); Maritrans Operating Company L.P. (0496); Milos Product Tanker Corporation (9563); Mindanao Tanker Corporation (8192); Mykonos Tanker LLC (8649); Nedimar Charter Corporation (9566); Oak Tanker Corporation (5234); Ocean Bulk Ships, Inc. (6064); Oceania Tanker Corporation (9164); OSG 192 LLC (7638); OSG 209 LLC (7521); OSG 214 LLC (7645); OSG 215 Corporation (7807); OSG 242 LLC (8002); OSG

Upon the motion (the "Motion"), filed by Morten Arntzen, Myles R. Itkin, G. Allen Andreas III, Alan R. Batkin, Thomas B. Coleman, Charles A. Fribourg, Stanley Komaroff, Solomon N. Merkin, Joel I. Picket, Ariel Recanati, Oudi Recanati, Thomas F. Robards, Jean-Paul Vettier and Michael J. Zimmerman (together, the "Insured Persons") and Debtors in the above-captioned Chapter 11 cases, by and through their respective counsel, for entry of an order Allowing for the Advancement/Payment of Defense Costs under Insurance Policies; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of the Motion and the opportunity for hearing on the Motion under the circumstances having been provided; and the Court having considered and reviewed the

---

243 LLC (7647); OSG 244 LLC (3601); OSG 252 LLC (7501); OSG 254 LLC (7495); OSG 300 LLC (3602); OSG 400 LLC (7499); OSG America LLC (2935); OSG America L.P. (2936); OSG America Operating Company LLC (5493); OSG Car Carriers, Inc. (1608);OSG Clean Products International, Inc. (6056); OSG Columbia LLC (7528); OSG Constitution LLC (8003); OSG Courageous LLC (2871); OSG Delaware Bay Lightering LLC (4998); OSG Discovery LLC (8902); OSG Endeavor LLC (5138); OSG Endurance LLC (2876); OSG Enterprise LLC (3604); OSG Financial Corp. (8639); OSG Freedom LLC (3599); OSG Honour LLC (7641); OSG Independence LLC (7296); OSG Intrepid LLC (7294); OSG Liberty LLC (7530); OSG Lightering Acquisition Corporation (N/A); OSG Lightering LLC (0553); OSG Lightering Solutions LLC (5698); OSG Mariner LLC (0509); OSG Maritrans Parent LLC (3903); OSG Navigator LLC (7524); OSG New York, Inc. (4493); OSG Product Tankers AVTC, LLC (0001); OSG Product Tankers I, LLC (8236); OSG Product Tankers II, LLC (8114); OSG Product Tankers, LLC (8347); OSG Product Tankers Member LLC (4705); OSG Quest LLC (1964); OSG Seafarer LLC (7498); OSG Ship Management, Inc. (9004); OSG Valour Inc. (7765); Overseas Allegiance Corporation (7820); Overseas Anacortes LLC (5515); Overseas Boston LLC (3665); Overseas Diligence LLC (6681); Overseas Galena Bay LLC (6676); Overseas Houston LLC (3662); Overseas Integrity LLC (6682); Overseas Long Beach LLC (0724); Overseas Los Angeles LLC (5448); Overseas Martinez LLC (0729); Overseas New Orleans LLC (6680); Overseas New York LLC (0728); Overseas Nikiski LLC (5519); Overseas Perseverance Corporation (7817); Overseas Philadelphia LLC (7993); Overseas Puget Sound LLC (7998); Overseas Sea Swift Corporation (2868); Overseas Shipping (GR) Ltd. (5454); Overseas ST Holding LLC (0011); Overseas Tampa LLC (3656); Overseas Texas City LLC (5520); Pearlmar Limited (7140); Petromar Limited (7138); Pisces Tanker Corporation (6060); Polaris Tanker Corporation (6062); Queens Product Tanker Corporation (2093); Reymar Limited (7131); Rich Tanker Corporation (9147); Rimar Chartering Corporation (9346); Rosalyn Tanker Corporation (4557); Rosemar Limited (7974);Rubymar Limited (0767); Sakura Transport Corp. (5625); Samar Product Tanker Corporation (9570); Santorini Tanker LLC (0791); Serifos Tanker Corporation (3004); Seventh Aframax Tanker Corporation (4558); Shirley Tanker SRL (3551); Sifnos Tanker Corporation (3006); Silvermar Limited (0766); Sixth Aframax Tanker Corporation (4523); Skopelos Product Tanker Corporation (9762); Star Chartering Corporation (2877); Suezmax International Agencies, Inc. (4053);Talara Chartering Corporation (3744); Third United Shipping Corporation (5622); Tokyo Transport Corp. (5626); Transbulk Carriers, Inc. (6070); Troy Chartering Corporation (3742); Troy Product Corporation (6969); Urban Tanker Corporation (9153); Vega Tanker Corporation (3860); View Tanker Corporation (9156); Vivian Tankships Corporation (7542); Vulpecula Chartering Corporation (8718); Wind Aframax Tanker Corporation (9562). The mailing address of the Debtors is: 666 3rd Avenue, New York, NY 10017.

Motion and all papers and submissions in response thereto, and after due deliberation and sufficient cause appearing therefore:

It is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Any objections to the relief sought in the Motion, to the extent not resolved prior to or at the hearing, are overruled on their merits.

3. To the extent authorization is required, the Insurers are authorized to make payments to the Insured Persons for Defense Costs covered under the Insurance Policies.

4. The automatic stay imposed under section 362(a) of the Bankruptcy Code is lifted, to the extent it applies, to allow such payments to the Insured Persons in accordance with the terms and conditions of the Insurance Policies.

5. The Approved Payments shall reduce the Limits of Liability of the Insurance Policies and shall not be considered a violation of the automatic stay, nor shall they be considered property of the Debtors' estates.

6. No more than 45 days after the close of each calendar quarter while the Chapter 11 Cases are pending (the "<u>Reporting Date</u>"), counsel of record for the Insured Persons shall provide to the Court, with copies to counsel for the Debtors, the Creditors' Committee and Wilmington Trust, National Association (collectively, the "<u>Notice Parties</u>"), a report stating: (a) the total amount disbursed pursuant to the Insurance Policies through the last day of the calendar quarter immediately prior to the Reporting Date; (b) the amount disbursed pursuant to the Insurance Policies during

the calendar quarter immediately prior to the Reporting Date; (c) the aggregate amount of fees, costs, and/or other losses of any sort incurred by all of the Insured Persons for which the Insured Persons have tendered invoices seeking payment under the Insurance Policies but for which the Insurers have not yet made disbursement through the last day of the calendar quarter immediately prior to the Reporting Date; and (d) to the best knowledge of counsel of record for the Insured Persons, the total coverage remaining pursuant to the Insurance Policies.

7. The reports shall not include any information subject to attorney-client privilege or the attorney work product doctrine and, unless otherwise ordered by the Court, shall not be filed on the docket in the Chapter 11 Cases or disclosed to any party other than a Notice Parties.

8. This Order is entered without prejudice to the right of the Creditors' Committee or any other party in interest to seek, by motion made on at least twenty-one calendar days' notice (unless otherwise ordered by the Court) to the Debtors, the Insured Persons and the lead plaintiffs in the securities actions consolidated in the U.S. District Court for the Southern District of New York as <u>In re OSG Securities Litigation</u> (Master File No. 12 Civ. 07948) (the "<u>Lead Plaintiffs</u>"), and the right of the Debtors, the Insured Persons and the Lead Plaintiffs to oppose, injunctive relief from this Court with respect to the Insurance Policies and any payments with respect thereto, including without limitation, seeking entry of an order imposing the automatic stay under Bankruptcy Code section 362(a) and/or seeking to cap the amount of Defense Costs paid for the Insured Persons under the Insurance Policies.

9. Notwithstanding anything to the contrary herein, this Order is entered without prejudice to any party-in-interest's position regarding whether the proceeds of the Insurance Policies constitute property of the Debtors' estates, and all parties-in-interest reserve their rights with respect to that issue. All disputes between the parties about such matters, if any, and as appropriate, shall be addressed at a later date. Nothing in this Order shall be deemed to represent an adjudication of (or to have res judicata or precedential value concerning) the question of whether the proceeds of the Insurance Policies are property of the Debtors' estates subject to Bankruptcy Code section 362(a).

10. Service of the Motion shall be deemed good and sufficient notice of such Motion, and service of this Order in accordance herewith shall be deemed good and sufficient service and adequate notice for all purposes, and no other or further notice of the Motion or this Order need be provided.

11. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

Dated: March 21, 2013
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE