**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------------- X
In re:                                          :
                                                :
OVERSEAS SHIPHOLDING GROUP, INC., et al.        :    Chapter 11
                                                :
                              Debtors.[1]       :    Case No. 12-20000 (PJW)
                                                :
                                                :    Jointly Administered
                                                :
                                                :    Hearing Date: October 29, 2013, at
                                                :    9:30 a.m. (ET)
                                                :
                                                :    Objection Deadline: October 22, 2013,
                                                :    at 4:00 p.m. (ET)
                                                :
-------------------------------------------------------------------- X
```

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 327(e), 328(a) AND 1107(b) APPROVING
RETENTION OF MULLIN HOARD & BROWN, L.L.P. UNDER A HYBRID
CONTINGENCY FEE AGREEMENT TO PROSECUTE PROFESSIONAL
LIABILITY CLAIMS AND GRANTING A LIMITED WAIVER OF THE LOCAL
RULES PURSUANT TO DEL. BANKR. L.R. 2014-1(c) AND 2016-2(h)**

Overseas Shipholding Group, Inc. ("OSG" or the "Company"), and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through their

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Overseas Shipholding Group, Inc. (7623);OSG International, Inc. (7117); OSG Bulk Ships, Inc. (2600); 1372 Tanker Corporation (4526); Africa Tanker Corporation (9119); Alcesmar Limited (5306); Alcmar Limited (5307); Alpha Suezmax Corporation (1684); Alpha Tanker Corporation (6063); Amalia Product Corporation (3808); Ambermar Product Carrier Corporation (8898); Ambermar Tanker Corporation (7100); Andromar Limited (5312); Antigmar Limited (5303); Aqua Tanker Corporation (7408); Aquarius Tanker Corporation (9161); Ariadmar Limited (5301); Aspro Tanker Corporation (4152); Atalmar Limited (5314); Athens Product Tanker Corporation (9565); Atlas Chartering Corporation (8720); Aurora Shipping Corporation (5649);Avila Tanker Corporation (4155); Batangas Tanker Corporation (8208); Beta Aframax Corporation (9893); Brooklyn Product Tanker Corporation (2097); Cabo Hellas Limited (5299); Cabo Sounion Limited (5296); Caribbean Tanker Corporation (6614); Carina Tanker Corporation (9568); Carl Product Corporation (3807); Concept Tanker Corporation (9150); Crown Tanker Corporation (6059); Delphina Tanker Corporation (3859); Delta Aframax Corporation (9892); DHT Ania Aframax Corp. (9134); DHT Ann VLCC Corp. (9120); DHT Cathy Aframax Corp. (9142); DHT Chris VLCC Corp. (9122); DHT Rebecca Aframax Corp. (9143); DHT Regal Unity VLCC Corp. (9127); DHT Sophie Aframax Corp. (9138); Dignity Chartering Corporation (6961); Edindun Shipping Corporation (6412); Eighth Aframax Tanker Corporation (8100); Epsilon Aframax Corporation (9895); First Chemical Carrier Corporation (2955); First LPG Tanker Corporation (9757); First Union Tanker Corporation (4555); Fourth Aframax Tanker Corporation (3887); Front President Inc. (1687);  Goldmar Limited (0772); GPC Aframax Corporation (6064); Grace Chartering Corporation (2876); International Seaways, Inc. (5624); Jademar

undersigned counsel, hereby apply to this Court (the "Application") for entry of an order

substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections

327(e), 328(a) and 1107(b) of Title 11 of the United States Code (as amended, the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rules 2014-1 and 2016 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving

Limited (7939); Joyce Car Carrier Corporation (1737); Juneau Tanker Corporation (2863); Kimolos Tanker Corporation (3005); Kythnos Chartering Corporation (3263); Leo Tanker Corporation (9159); Leyte Product Tanker Corporation (9564); Limar Charter Corporation (9567); Luxmar Product Tanker Corporation (3136); Luxmar Tanker LLC (4675); Majestic Tankers Corporation (6635); Maple Tanker Corporation (5229); Maremar Product Tanker Corporation (3097); Maremar Tanker LLC (4702); Marilyn Vessel Corporation (9927); Maritrans General Partner Inc. (8169); Maritrans Operating Company L.P. (0496); Milos Product Tanker Corporation (9563); Mindanao Tanker Corporation (8192); Mykonos Tanker LLC (8649); Nedimar Charter Corporation (9566); Oak Tanker Corporation (5234); Ocean Bulk Ships, Inc. (6064); Oceania Tanker Corporation (9164); OSG 192 LLC (7638); OSG 209 LLC (7521); OSG 214 LLC (7645); OSG 215 Corporation (7807); OSG 242 LLC (8002); OSG 243 LLC (7647); OSG 244 LLC (3601); OSG 252 LLC (7501); OSG 254 LLC (7495); OSG 300 LLC (3602); OSG 400 LLC (7499); OSG America LLC (2935); OSG America L.P. (2936); OSG America Operating Company LLC (5493); OSG Car Carriers, Inc. (1608);OSG Clean Products International, Inc. (6056); OSG Columbia LLC (7528); OSG Constitution LLC (8003); OSG Courageous LLC (2871); OSG Delaware Bay Lightering LLC (4998); OSG Discovery LLC (8902); OSG Endeavor LLC (5138); OSG Endurance LLC (2876); OSG Enterprise LLC (3604); OSG Financial Corp. (8639); OSG Freedom LLC (3599); OSG Honour LLC (7641); OSG Independence LLC (7296); OSG Intrepid LLC (7294); OSG Liberty LLC (7530); OSG Lightering LLC (0553); OSG Lightering Acquisition Corporation (N/A); OSG Lightering Solutions LLC (5698); OSG Mariner LLC (0509); OSG Maritrans Parent LLC (3903); OSG Navigator LLC (7524); OSG New York, Inc. (4493); OSG Product Tankers AVTC, LLC (0001); OSG Product Tankers I, LLC (8236); OSG Product Tankers II, LLC (8114); OSG Product Tankers, LLC (8347); OSG Product Tankers Member LLC (4705); OSG Quest LLC (1964); OSG Seafarer LLC (7498);OSG Ship Management, Inc. (9004); OSG Valour Inc. (7765); Overseas Allegiance Corporation (7820); Overseas Anacortes LLC (5515); Overseas Boston LLC (3665); Overseas Diligence LLC (6681); Overseas Galena Bay LLC (6676); Overseas Houston LLC (3662); Overseas Integrity LLC (6682); Overseas Long Beach LLC (0724); Overseas Los Angeles LLC (5448); Overseas Martinez LLC (0729); Overseas New Orleans LLC (6680); Overseas New York LLC (0728); Overseas Nikiski LLC (5519); Overseas Perseverance Corporation (7817); Overseas Philadelphia LLC (7993); Overseas Puget Sound LLC (7998); Overseas Sea Swift Corporation (2868); Overseas Shipping (GR) Ltd. (5454); Overseas ST Holding LLC (0011); Overseas Tampa LLC (3656); Overseas Texas City LLC (5520); Pearlmar Limited (7140); Petromar Limited (7138); Pisces Tanker Corporation (6060); Polaris Tanker Corporation (6062); Queens Product Tanker Corporation (2093); Reymar Limited (7131); Rich Tanker Corporation (9147); Rimar Chartering Corporation (9346); Rosalyn Tanker Corporation (4557); Rosemar Limited (7974);Rubymar Limited (0767); Sakura Transport Corp. (5625); Samar Product Tanker Corporation (9570); Santorini Tanker LLC (0791); Serifos Tanker Corporation (3004); Seventh Aframax Tanker Corporation (4558); Shirley Tanker SRL (3551); Sifnos Tanker Corporation (3006); Silvermar Limited (0766); Sixth Aframax Tanker Corporation (4523); Skopelos Product Tanker Corporation (9762); Star Chartering Corporation (2877); Suezmax International Agencies, Inc. (4053);Talara Chartering Corporation (3744); Third United Shipping Corporation (5622); Tokyo Transport Corp. (5626); Transbulk Carriers, Inc. (6070); Troy Chartering Corporation (3742); Troy Product Corporation (6969); Urban Tanker Corporation (9153); Vega Tanker Corporation (3860); View Tanker Corporation (9156); Vivian Tankships Corporation (7542); Vulpecula Chartering Corporation (8718); Wind Aframax Tanker Corporation (9562). The mailing address of the Debtors is: 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019.

the terms of the retention and employment of Mullin Hoard & Brown, L.L.P. ("MHB"), as special litigation counsel to the Debtors, on a hybrid contingency fee basis for services to be performed in connection with the prosecution of professional liability and other claims against the Company's former external counsel in connection with services they provided OSG prior to the filing of its Chapter 11 bankruptcy proceeding.  In addition, pursuant to Local Rules 2014-1(c) and 2016-2(h), the Debtors request that the requirement set forth in 2014-1(c) and 2016-2(f) to disclose the employment of experts and other professional persons by MHB in connection with the prosecution of professional liability and other claims against the Company's former external counsel be excused to the extent it may reveal confidential litigation strategy or privileged information.  In support of this Application, the Debtors rely upon and incorporate by reference (a) the *Declaration Of John M. Brown In Support Of Debtors' Application For Entry Of An Order Pursuant To 11 U.S.C. §§ 327(e), 328(a) And 1107(b) Approving Retention Of Mullin Hoard & Brown, L.L.P. Under A Hybrid Contingency Fee Agreement To Prosecute Professional Liability Claims And Granting A Limited Waiver Of The Local Rules Pursuant To Del. Bankr. L.R. 2014-1(c) And 2016-2(h)* (the "Brown Declaration"), attached hereto as **Exhibit B**; and (b) the *Statement of Mullin Hoard & Brown, L.L.P., Pursuant To 11 U.S.C. § 329, Fed. R. Bankr. 2016, And Del. Bankr. L.R. 2016-1*, attached hereto as **Exhibit C**.  In further support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue for these Chapter 11 Cases is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On November 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  Since the Petition

Date, the Debtors have operated their businesses as debtors-in-possession pursuant to sections

1107 and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in the Debtors' cases.  The United

States Trustee for the District of Delaware appointed an official committee of unsecured

creditors in the Debtors' cases on November 29, 2012.  [D.I. 97].

4.      Further information about the Debtors, including the events leading up to the

Petition Date, is set forth in the *Declaration of Captain Robert E. Johnston in Support of First

Day Motions*, filed on November 13, 2012.  [D.I. 2].

**Debtors' Retention of MHB**

5.      On January 2, 2013, the Debtors executed an engagement letter with MHB

selecting it as special litigation counsel in the Chapter 11 Cases (the "Engagement Agreement").

Pursuant to the Engagement Agreement, MHB agreed to "assist with the investigation of

possible professional liability claims against various third parties who provided services to OSG

prior to the filing of its Chapter 11 bankruptcy proceeding."

6.      On January 4, 2013, the Debtors filed an application to retain MHB (the

"Retention Application").[2]  The Retention Application provided that the Debtors would

---

[2]      Debtors' Application For Entry Of An Order Pursuant To 11 U.S.C. §§ 327(a) And 1107(b), Fed. R. Bankr. P. 2014 And 2016, And Del. Bankr. L.R. 2014-1 And 2016-1 Authorizing Retention And Employment Of Mullin Hoard & Brown, L.L.P., As Special Litigation Counsel For The Debtors, *Nunc Pro Tunc* To The Retention Date, dated January 4, 2013, defined above.  [D.I. 255].

compensate MHB "for professional services rendered at [MHB's] normal and customary hourly rates" for the investigation of professional liability claims.  Retention Application at 8, ¶ 20. These rates are discounted from MHB's standard national litigation rates.

7.      On January 23, 2013, the Court entered the Retention Order,[3] approving the terms of MHB's retention set forth in the Retention Application and the First Brown Declaration attached to the Retention Application.[4]  The Retention Order directed that "compensation to be paid to MHB for professional services rendered and reimbursement for expenses incurred by it shall be as determined by this Court upon proper application pursuant to Sections 330 and 331 of the Bankruptcy Code."  Retention Order at 3, ¶ 3.

8.      MHB has submitted monthly fee applications to the Court for amounts totaling $897,706.05, for services performed investigating professional liability claims from January 2, 2013, through August 31, 2013.  [D.I. 1020, D.I. 1111, D.I. 1237, D.I. 1327, D.I. 1437, D.I. 1525, D.I. 1701 and D.I. 1806].

### Proposed Hybrid Fee Agreement

9.      MHB has now substantially completed its investigation into possible professional liability claims against OSG's former external counsel in connection with advice and services former counsel provided to the Company prior to the filing of its Chapter 11 bankruptcy (the "Professional Liability Claims").  MHB continues to investigate third party claims against other

---

[3]      Order Pursuant To 11 U.S.C. §§ 327(a) And 1107(b), Fed. R. Bankr. P. 2014 And 2016, And Del. Bankr. L.R. 2014-1 And 2016-1 Authorizing Retention And Employment Of Mullin Hoard & Brown, L.L.P., As Special Litigation Counsel For The Debtors, *Nunc Pro Tunc* To The Retention Date, dated January 23, 2013 (the "Retention Order").  [D.I. 376].

[4]      Declaration of John M. Brown in Support of Debtors' Application For Entry Of An Order Pursuant To 11 U.S.C. §§ 327(a) And 1107(b), Fed. R. Bankr. P. 2014 And 2016, And Del. Bankr. L.R. 2014-1 And 2016-1 Authorizing Retention And Employment Of Mullin Hoard & Brown, L.L.P., As Special Litigation Counsel For The Debtors, *Nunc Pro Tunc* To The Retention Date, (the "First Brown Declaration").  [D.I. 255].

professionals.[5]  Based on the results of the investigation into the Professional Liability Claims,

the Debtors have determined that it is in their estates' interests for MHB to pursue the

Professional Liability Claims.  The Debtors and MHB have entered into an agreement retaining

MHB for this purpose and providing for MHB to be compensated under a capped, hybrid

contingency arrangement (the "Hybrid Fee Agreement").  The effective date of the Agreement

will be the date of the Court's order approving it.

       10.     Pursuant to the Hybrid Fee Agreement, the Debtors and MHB have agreed that

MHB will be compensated, following the effective date of the new fee arrangement, for fees and

reimbursements made in connection with the prosecution of the Professional Liability Claims on

the following terms:

Redacted

---

[5]       MHB will continue to apply for compensation and reimbursement of expenses for any work performed under the Engagement Agreement relating to the investigation of claims against other third parties.  MHB's fee applications will delineate the amount of compensation and reimbursement requested under the Engagement Agreement and that requested under the Hybrid Fee Agreement.

Redacted

**<u>Relief Requested</u>**

11.     The Debtors request entry of the Proposed Order, pursuant to sections 327(e),

328(a) and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and

Rules 2014-1 and 2016 of the Local Rules, approving the terms of the retention and employment

of MHB as special litigation counsel pursuant to the Hybrid Fee Agreement for their work on the

Professional Liability Claims, following the effective date of the new fee arrangement.

## **Basis for Relief**

12.     The Debtors hereby request approval of the Hybrid Fee Agreement, and all of its

terms, pursuant to section 328(a) of the Bankruptcy Code.  Section 328(a) authorizes a debtor,

with the Court's approval, to employ a professional person "on any reasonable terms and

conditions of employment, including . . . on an hourly basis . . . or on a contingent basis."  11

U.S.C. § 328(a).

13.     The Debtors initially retained MHB on an hourly fee basis to investigate

professional liability claims against third party professionals that provided pre-petition services

to OSG.  The original investigation engagement agreement specifically contemplated that a new

engagement agreement would be entered into if the Debtors decided to retain MHB to pursue

litigation with respect to any potential liability claims.  Now that MHB's investigation of the

Professional Liability Claims is substantially complete, the Debtors have determined that it

would be in the best interests of the estates to retain MHB to prosecute the Professional Liability

Claims on behalf of the Company on a capped, hybrid contingency fee basis.  MHB continues to

investigate third party claims against other professionals.

14.     The Debtors submit that the Hybrid Fee Agreement is reasonable in light of the

potential costs of prosecuting the Professional Liability Claims and the risks of litigation.  Under

the proposed agreement, MHB's discounted hourly rate fees will be capped at      Redacted      ,

providing the Debtors with certainty that the ongoing legal costs to the estate associated with

prosecution of the Professional Liability Claims will be limited.  Furthermore, MHB has agreed

8

to discount its standard hourly rate fees for litigation of this type, which were already

significantly lower than rates charged by other counsel in these proceedings.  MHB expects that

the case will take a substantial investment of its professional time.  Based on MHB's estimate of

how many hours it will take to prosecute the Professional Liability Claims, the <sup>Redacted</sup> limit

on hourly fees represents only a fraction of the amount it would earn under its standard hourly

rates.  Moreover, with MHB's success fee capped at <sup>Redacted</sup>, the maximum premium that

MHB stands to earn in exchange for its risk, based on the amount of time it expects to invest in

the case, and assuming a substantial Net Recovery, is still no higher when calculated on an

hourly basis than the highest hourly rates charged in these proceedings.  Furthermore, the

Debtors believe the Hybrid Fee Agreement will create appropriate incentives for MHB to

vigorously pursue prosecution of the Professional Liability Claims and seek to obtain the highest

recovery possible at the lowest costs.

15.     The Debtors submit that the terms of the Hybrid Fee Agreement, which were

negotiated at arms-length, are reasonable and appropriate.  See, e.g., Boston & Maine Corp. v.

Sheehan, Phinney, Bass & Green, P.A., 778 F.2d 890 (1st Cir. 1985) (finding reasonable a

hybrid fee arrangement combining an hourly rate and a percentage contingency award); In re

Adam Aircraft Indust., Inc., No. 08-11751, 2013 WL 414213 (Bankr. D. Colo. Feb. 1, 2013)

(approving compensation to counsel under a hybrid contingency fee arrangement pursuant to

section 328(a)); In re Tobis, No. 04-38603, 2009 WL 1607574 (Bankr. N.D. Ohio Apr. 1, 2009)

(contingency fee of one-third recovery proceeds reasonable).  See generally In re Avado Brands,

Inc., No. 07-11276-MFW, D.I. 939, 962 (Bankr. D. Del. Oct. 23, 2008) (approving a 33.33%

contingency fee arrangement for the prosecution of claims on behalf of debtors); In re Fruit of

the Loom, Inc., No. 99-04497-PJW, D.I. 1520, 1578 (Bankr. D. Del. Oct. 25, 2000) (approving a

40% contingency fee arrangement for the prosecution of claims on behalf of debtors).

16.    For the foregoing reasons, the Debtors hereby request approval of the retention of MHB and the Hybrid Fee Agreement as it relates to prosecution of the Professional Liability Claims pursuant to sections 327(e), 328(a) and 1107(b) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016 of the Local Rules.

17.    In addition, the Debtors expect that MHB may employ various experts and other professional persons in the course of litigating the Professional Liability Claims.  Pursuant to Local Rules 2014-1(c) and 2016-2(h), the Debtors request that the requirement set forth in 2014-1(c) and 2016-2(f) to disclose such employment of experts and other professional persons be excused to the extent it may reveal confidential litigation strategy or privileged information.

## Disinterestedness of MHB

18.    To the best of Debtors' knowledge, information, and belief, and except as set forth in the Brown Declaration, none of MHB's partners, counsel, or associates hold or represent any interest adverse to the Debtors' estates or their creditors, and MHB is a "disinterested person" as defined in section 101(4) of the Bankruptcy Code.

19.    Other than the Debtors, MHB does not, and has not, represented any entities in matters related to these Chapter 11 Cases.  MHB may represent or may have represented certain parties with interests in the Debtors' cases, on matters unrelated to their Chapter 11 Cases, all as set forth in more detail in the Brown Declaration.

20.    While MHB has conducted, and continues to conduct, research into its relations with the Debtors, their creditors, and other parties interested in these cases, as set forth in more

detail in the Brown Declaration, it is possible that connections with some parties in interest have not yet been identified.  Should MHB, through its continuing efforts as these cases progress, learn any of the new connections to such parties in interest, MHB will so advise the Court.

## Notice

21.     Notice of the relief requested in this Application has been provided by hand delivery or first class mail to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Official Committee of Unsecured Creditors; and (iii) all those required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## Conclusion

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order, (i) approving the terms of MHB's retention under the Hybrid Fee Agreement; and (ii) granting such other and further relief as is just and proper.

Dated: October 8, 2013          OVERSEAS SHIPHOLDING GROUP, INC., and
New York, New York              certain of its affiliates

                                */s/ John J. Ray, III*
                                John J. Ray, III
                                Chief Reorganization Officer
                                Overseas Shipholding Group, Inc.


                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Daniel B. Butz*
                                Derek C. Abbott (No. 3376)
                                Daniel B. Butz (No. 4227)
                                William M. Alleman, Jr. (No. 5449)
                                1201 North Market Street
                                P.O. Box 1347
                                Wilmington, Delaware 19801
                                Telephone:  (302) 658-9200
                                Facsimile: (302) 658-3989

                                *Counsel for Debtors*
                                *and Debtors in Possession*