# **<u>EXHIBIT B</u>**

[Sale Procedure Notice]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- X
                                                                                 :

*In re*                                   :    Chapter 11
                                                             :

Overseas Shipholding Group, Inc., *et al*.,     :    Case No. 12- 20000 (PJW)
                                                             :

                      Debtors.[1]     :    Jointly Administered
                                                             :

                                                             :    **RE: D.I. _____**
-------------------------------------------------------- X

**NOTICE OF (I) SOLICITATION OF BIDS FOR THE *OVERSEAS BERYL*; (II) SALE
PROCEDURES REGARDING THE *OVERSEAS BERYL*; AND
(III) RELATED RELIEF AND DATES**

**TO ALL CREDITORS AND OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE:**

        1.    <u>Chapter 11 Petitions</u>.  On November 14, 2012, Fourth Aframax Tanker Corporation (the "<u>Debtor Seller</u>," and collectively with its above-captioned debtor affiliates, the "<u>Debtors</u>") and its affiliated Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

        2.    <u>The Motion</u>.  On January 13, 2014, the Debtors filed the *Debtors' Motion for Order (A)(I) Authorizing and Approving Sale Procedures; (II) Authorizing and Approving*

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Overseas Shipholding Group, Inc. (7623); OSG International, Inc. (7117); OSG Bulk Ships, Inc. (2600); 1372 Tanker Corporation (4526); Africa Tanker Corporation (9119); Alcesmar Limited (5306); Alcmar Limited (5307); Alpha Suezmax Corporation (1684); Alpha Tanker Corporation (6063); Amalia Product Corporation (3808); Ambermar Product Carrier Corporation (8898); Ambermar Tanker Corporation (7100); Andromar Limited (5312); Antigmar Limited (5303); Aqua Tanker Corporation (7408); Aquarius Tanker Corporation (9161); Ariadmar Limited (5301); Aspro Tanker Corporation (4152); Atalmar Limited (5314); Athens Product Tanker Corporation (9565); Atlas Chartering Corporation (8720); Aurora Shipping Corporation (5649);Avila Tanker Corporation (4155); Batangas Tanker Corporation (8208); Beta Aframax Corporation (9893); Brooklyn Product Tanker Corporation (2097); Cabo Hellas Limited (5299); Cabo Sounion Limited (5296); Caribbean Tanker Corporation (6614); Carina Tanker Corporation (9568); Carl Product Corporation (3807); Concept Tanker Corporation (9150); Crown Tanker Corporation (6059); Delphina Tanker Corporation (3859); Delta Aframax Corporation (9892); DHT Ania Aframax Corp. (9134); DHT Ann VLCC Corp. (9120); DHT Cathy Aframax Corp. (9142); DHT Chris VLCC Corp. (9122); DHT Rebecca Aframax Corp. (9143); DHT Regal Unity VLCC Corp. (9127); DHT Sophie Aframax Corp. (9138); Dignity Chartering Corporation (6961); Edindun Shipping Corporation (6412); Eighth Aframax Tanker Corporation (8100); Epsilon Aframax Corporation (9895); First Chemical Carrier Corporation (2955); First LPG Tanker Corporation (9757); First Union Tanker Corporation (4555); Fourth Aframax Tanker Corporation (3887); Front President Inc. (1687); Goldmar Limited (0772); GPC Aframax Corporation (6064); Grace Chartering Corporation (2876); International Seaways, Inc. (5624); Jademar Limited (7939); Joyce Car Carrier Corporation (1737); Juneau Tanker Corporation (2863); Kimolos Tanker Corporation (3005); Kythnos Chartering Corporation (3263); Leo Tanker Corporation (9159); Leyte Product Tanker Corporation (9564); Limar Charter Corporation (9567); Luxmar Product Tanker Corporation (3136); Luxmar Tanker LLC (4675); Majestic Tankers Corporation (6635); Maple Tanker Corporation (5229); Maremar Product Tanker Corporation (3097); Maremar Tanker LLC (4702); Marilyn Vessel Corporation (9927); Maritrans General Partner Inc. (8169); Maritrans Operating

*Form and Manner of Notice; and (B) Authorizing and Approving Sale of Certain of the Debtors' Assets, Including the* Overseas Beryl, *Free and Clear of All Liens, Claims, and Encumbrances* (D.I. ___) (the "Motion").[2]

3.    The Sale Procedures Order.  Following a hearing on the relief requested by the Motion on February 3, 2014, the Bankruptcy Court entered an Order (the "Sale Procedures and Approval Order") (D.I. ___), approving, among other things, (a) the Sale Procedures; (b) the Notice Procedures; and (c) the Sale.

4.    Sale Procedures.  In the Sale Procedures and Approval Order, the Bankruptcy Court approved procedures by which the Debtors shall solicit bids for and sell that certain vessel owned by the Debtor Seller, the OVERSEAS BERYL (the "Asset").  The Sale Procedures are attached hereto as Exhibit 1.  ***All interested bidders should carefully read the Sale Procedures.***

5.    Key Deadlines.  By the Sale Procedures and Approval Order, the Bankruptcy Court has set certain important deadlines.  **The Sale Procedures and Approval Order Sets [_____], 2014, as the deadline for bidders to submit bids on the Asset.**  In

---

Company L.P. (0496); Milos Product Tanker Corporation (9563); Mindanao Tanker Corporation (8192); Mykonos Tanker LLC (8649); Nedimar Charter Corporation (9566); Oak Tanker Corporation (5234); Ocean Bulk Ships, Inc. (6064); Oceania Tanker Corporation (9164); OSG 192 LLC (7638); OSG 209 LLC (7521); OSG 214 LLC (7645); OSG 215 Corporation (7807); OSG 242 LLC (8002); OSG 243 LLC (7647); OSG 244 LLC (3601); OSG 252 LLC (7501); OSG 254 LLC (7495); OSG 300 LLC (3602); OSG 400 LLC (7499); OSG America LLC (2935); OSG America L.P. (2936); OSG America Operating Company LLC (5493); OSG Car Carriers, Inc. (1608);OSG Clean Products International, Inc. (6056); OSG Columbia LLC (7528); OSG Constitution LLC (8003); OSG Courageous LLC (2871); OSG Delaware Bay Lightering LLC (4998); OSG Discovery LLC (8902); OSG Endeavor LLC (5138); OSG Endurance LLC (2876); OSG Enterprise LLC (3604); OSG Financial Corp. (8639); OSG Freedom LLC (3599); OSG Honour LLC (7641); OSG Independence LLC (7296); OSG Intrepid LLC (7294); OSG Liberty LLC (7530); OSG Lightering Acquisition Corporation (N/A); OSG Lightering LLC (0553); OSG Lightering Solutions LLC (5698); OSG Mariner LLC (0509); OSG Maritrans Parent LLC (3903); OSG Navigator LLC (7524); OSG New York, Inc. (4493); OSG Product Tankers AVTC, LLC (0001); OSG Product Tankers I, LLC (8236); OSG Product Tankers II, LLC (8114); OSG Product Tankers, LLC (8347); OSG Product Tankers Member LLC (4705); OSG Quest LLC (1964); OSG Seafarer LLC (7498);OSG Ship Management, Inc. (9004); OSG Valour Inc. (7765); Overseas Allegiance Corporation (7820); Overseas Anacortes LLC (5515); Overseas Boston LLC (3665); Overseas Diligence LLC (6681); Overseas Galena Bay LLC (6676); Overseas Houston LLC (3662); Overseas Integrity LLC (6682); Overseas Long Beach LLC (0724); Overseas Los Angeles LLC (5448); Overseas Martinez LLC (0729); Overseas New Orleans LLC (6680); Overseas New York LLC (0728); Overseas Nikiski LLC (5519); Overseas Perseverance Corporation (7817); Overseas Philadelphia LLC (7993); Overseas Puget Sound LLC (7998); Overseas Sea Swift Corporation (2868); Overseas Shipping (GR) Ltd. (5454); Overseas ST Holding LLC (0011); Overseas Tampa LLC (3656); Overseas Texas City LLC (5520); Pearlmar Limited (7140); Petromar Limited (7138); Pisces Tanker Corporation (6060); Polaris Tanker Corporation (6062); Queens Product Tanker Corporation (2093); Reymar Limited (7131); Rich Tanker Corporation (9147); Rimar Chartering Corporation (9346); Rosalyn Tanker Corporation (4557); Rosemar Limited (7974);Rubymar Limited (0767); Sakura Transport Corp. (5625); Samar Product Tanker Corporation (9570); Santorini Tanker LLC (0791); Serifos Tanker Corporation (3004); Seventh Aframax Tanker Corporation (4558); Shirley Tanker SRL (3551); Sifnos Tanker Corporation (3006); Silvermar Limited (0766); Sixth Aframax Tanker Corporation (4523); Skopelos Product Tanker Corporation (9762); Star Chartering Corporation (2877); Suezmax International Agencies, Inc. (4053);Talara Chartering Corporation (3744); Third United Shipping Corporation (5622); Tokyo Transport Corp. (5626); Transbulk Carriers, Inc. (6070); Troy Chartering Corporation (3742); Troy Product Corporation (6969); Urban Tanker Corporation (9153); Vega Tanker Corporation (3860); View Tanker Corporation (9156); Vivian Tankships Corporation (7542); Vulpecula Chartering Corporation (8718); Wind Aframax Tanker Corporation (9562). The mailing address of the Debtors is: 666 3rd Avenue, New York, NY 10017.

[2]    Capitalized but undefined terms used herein shall have the meaning ascribed to them in the Motion.

addition, the Sale Procedures and Approval Order sets March 31, 2014, as the deadline for the Debtors to file a notice of selection of a successful bidder or bidders.  As set out in the Sale Procedures, the Debtor Seller has the ability to adjourn these deadlines.

7.    <u>Documents</u>.  Copies of the Motion and the Sale Procedures and Approval Order may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: Luke A. Barefoot, or Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attention: Derek C. Abbot.  Additionally, copies of these documents may be downloaded from the Bankruptcy Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, at http://kccllc.net/osg.

This notice is subject to the full terms and conditions of the Motion, the Sale Procedures and Approval Order, and the Sale Procedures, which shall control in the event of any conflict with the terms of this notice, and the Debtors encourage parties in interest to review such documents in their entirety.

Please note that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas on the docket in the Debtors chapter 11 cases.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent's website for further updates.

Dated: February __, 2014  
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ _____

Derek C. Abbott (No. 3376)  
Daniel B. Butz (No. 4227)  
William M. Alleman, Jr. (No. 5449)  
1201 North Market Street, 16th Floor  
P.O. Box 1347  
Wilmington, Delaware 1899-1347  
Telephone:  (302) 658-9200  
Facsimile: (302) 358-3989

*Counsel for the Debtors and Debtors in Possession*

## Exhibit 1

## Sale Procedures for OVERSEAS BERYL

1.      Description of Assets To Be Sold

The Debtor Seller intends to offer for sale the OVERSEAS BERYL (the "Asset").

2.      Communication with Potentially Interested Parties

The Debtor Seller will contact, either directly or through appropriate intermediaries, parties who are known in the international shipping industry to have an interest in acquiring vessels similar to the Asset for scrap to invite them to participate in the sale process. The Debtor Seller may also contact such other or additional potential interested parties, including but not limited to brokers, to invite them to participate in the sale process as well. The Debtor Seller will also entertain unsolicited requests from qualified persons to participate in the sale process.

3.      Due Diligence

Upon request from any person or entity that the Debtor Seller determines, in its reasonable business judgment, is likely to submit a qualified bid (a "Qualified Bidder"), the Debtor Seller may provide such Qualified Bidder with certain information regarding the Asset.

Due diligence access may include a preliminary physical inspection of the Asset and such other matters as may be reasonably requested by a Qualified Bidder prior to the Bid Deadline and as to which the Debtor Seller, in its reasonable business judgment, may agree. For those Qualified Bidders whose bid is submitted by the Bid Deadline (as defined below), no due diligence will continue after such Bid Deadline. The Debtor Seller may, in its sole discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at a preliminary physical inspection. The Debtor Seller makes no representation or warranty as to the information to be provided through this due diligence process or otherwise.

For the avoidance of doubt, "due diligence" as used throughout these Sale Procedures does not mean a physical inspection of the Asset to be conducted by the Successful Bidder (as defined below) after the Bid Deadline.

4.      Bid Deadline

A Qualified Bidder who desires to make a bid will deliver written copies of its bid so as to be actually received no later than February 21, 2014 (the "Bid Deadline") by the following party:

Fourth Aframax Tanker Corporation
c/o Overseas Shipholding Group Inc.
Attn: Derek Solon
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019
Facsimile: (212) 578-1991

Promptly following receipt, the Debtor Seller shall share all such bids with the Debtors' counsel and counsel to the Committee.

The Debtor Seller, after consultation with the Committee, may extend the Bid Deadline once or successively, but is not obligated to do so.  If the Debtor Seller extends the Bid Deadline, it will promptly notify all Qualified Bidders and the Committee of such extension.

5.      Qualified Bid

A submitted bid shall be considered a "Qualified Bid" only if it complies with the requirements of this section and is submitted by a Qualified Bidder in the manner set forth in the previous section.

A Qualified Bid must:

(a)      include a copy of the Agreement, reflecting the Qualified Bidder's proposed amendments and modifications thereto, if any, together with any exhibits and schedules to the Agreement (or term sheets that describe the material terms and provisions of such agreement) and copies of such materials marked to show such amendments and modifications to the Agreement (the "Marked Agreement");

(b)      state, expressed in U.S. Dollars, the purchase price for the Asset (the "Purchase Price") , which must be in line with prevailing steel prices; the amount of commission to be paid to a broker, if any (the "Broker Commission"); and the amount of the address commission to be paid, if any (the "Address Commission");

(c)      not be conditioned on (1) the outcome of unperformed due diligence by the Qualified Bidder and/or (2) obtaining financing;

(d)      fully disclose the identity of each entity, including any affiliation or association with a sanctioned country, that will be purchasing the Asset and the identity of the guarantor, if any, of such entities' obligation;

(e)      state the proposed terms for acceptable delivery of the Asset including (1) the geographic location, or range of locations; and (2) the range of delivery dates;

(f)      include an acknowledgement and representation that the Qualified Bidder is not entitled to any expense reimbursement or break-up fee in connection with its bid;

(g)      include an acknowledgement that, if selected as the Successful Bidder(s) (as defined below), the Qualified Bidder is able and willing to transmit a deposit in accordance with these procedures;

(h)      contain other information reasonably requested by the Debtor Sellers;

(i)      include the obligation to provide a 20% deposit within (3) business days of execution; and

(j)      be actually received by the Bid Deadline.

The Debtor Seller will determine, in its reasonable business judgment, after consultation with the Committee, whether to entertain bids for the Asset that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids.

The Debtor Seller, after consultation with the Committee, shall notify any Qualified Bidders in writing as to whether or not their bid constitutes a Qualified Bid promptly following the expiration of the Bid Deadline.

6.        Evaluation of Competing Bids

A Qualified Bid will be evaluated by the Debtor Seller (in consultation with the Committee) based upon several factors including, without limitation, items such as the Purchase Price, Broker Commission, and Address Commission provided by such bid; the identities of the purchasing entities; the Marked Agreements; the value of the Sale; the assets included or excluded from the bid; and the likelihood and timing of consummating such Sale; and other factors affecting the speed and certainty of closure; each as determined by the Debtor Seller, in consultation with its advisors and the Committee.

Following its review of the Qualified Bids and in consultation with its advisors and the Committee, the Debtor Seller reserves the right, in its sole discretion, to: (i) negotiate the terms and conditions of one or more Qualified Bids, with or without notice to any other Qualified Bidder(s); (ii) without further negotiation or notice to any Qualified Bidder, select one Qualified Bid; or (iii) reject all Qualified Bids and/or withdraw from sale, in whole or in part, any Asset.

7.        Execution of the Agreement

Upon evaluation and selection of the best Qualified Bid in accordance with Section 6, and in consultation with the Committee, the Debtor Seller shall provide notice to a Proposed Successful Bidder that it is deemed to be the "Successful Bidder" and their Qualified Bid deemed to be a "Successful Bid."  The Debtor Seller shall then promptly execute the Marked Agreement underlying the Successful Bid.

8.        Notice of Successful Bid and Closing of the Sale

To the extent that the Debtor Seller selects a Successful Bid, the Debtor Seller shall file a notice of the Successful Bid and Successful Bidder with the Bankruptcy Court on or before March 31, 2014.  Immediately after the filing of such notice, the Debtor Seller will close on the Sale in accordance with the terms and conditions of the applicable Marked Agreement.

For the avoidance of doubt, the Debtor Seller, in its reasonable business judgment, may consider higher or better offers for the Asset at any time through and until a closing on the sale of the Asset.

9.        No Qualified Bids

If the Debtor Seller does not receive any Qualified Bids, the Debtor Seller reserves the right, in consultation with its advisors and the Committee to (i) extend the deadlines set forth in the Sale Procedures without further notice, and (ii) withdraw the Asset from sale at any time and to make subsequent attempts to market the same.

10.        Reservation of Rights

The Debtor Seller reserves the right, after consultation with the Committee and upon notice to the Qualified Bidders, to impose additional terms and conditions and otherwise modify the Sale Procedures at any time, provided, however, that such additions or modifications shall not be inconsistent with the order approving these Sale Procedures.  The Debtor Seller further reserves the right, after consultation with the Committee, to (i) extend the deadlines set forth in

the Sale Procedures without further notice; (ii) withdraw the Asset from sale at any time and make subsequent attempts to market the same; and (ii) reject all bids.